FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 27, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD C., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 2:18-CV-00026-JTR <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 14, 15. Attorney Dana C. Madsen represents Richard C. (Plaintiff); Special Assistant United States Attorney Michael S. Howard represents the Commissioner of Social Security (Defendant). The parties consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

**JURISDICTION**

Plaintiff filed applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) on February 19, 2013, Tr. 78-79, 216, alleging

ORDER GRANTING PLAINTIFF'S MOTION - 1

disability since February 28, 2010, Tr. 184, 186, due to depression, anxiety, a bad memory, migraines, and a bad back, Tr. 220. The applications were denied initially and upon reconsideration. Tr. 132-35, 138-42. Administrative Law Judge (ALJ) Caroline Siderius held a hearing on July 23, 2015 and heard testimony from Plaintiff, medical expert Margaret Moore, Ph.D., and vocational expert Thomas Polsin. Tr. 36-77. The ALJ issued an unfavorable decision on August 14, 2015. Tr. 11-24. The Appeals Council denied review on November 29, 2017. Tr. 1-4. The ALJ's August 14, 2015 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. §§ 405(g), 1383(c). Plaintiff filed this action for judicial review on January 23, 2018. ECF Nos. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 34 years old at the alleged date of onset. Tr. 184. The highest grade Plaintiff completed was the ninth, and he reported attending special education classes. Tr. 221. His reported work history includes the jobs of caregiver, janitor, and recreational aide. Tr. 221, 237. When applying for benefits Plaintiff reported that he stopped working on January 22, 2013 due to his conditions, but that his conditions caused him to make changes to his work activity as early as February 28, 2010. Tr. 220.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is

not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once the claimant establishes that physical or mental impairments prevent him from engaging in his previous occupations. 20 C.F.R. §§ 404.1520(a), 416.920(a)(4). If the claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs which the claimant can perform exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is

made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On August 14, 2015, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act from February 28, 2010 through the date of the decision.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 28, 2010, the alleged date of onset. Tr. 13.

At step two, the ALJ determined that Plaintiff had the following severe impairments: obesity; degenerative disc disease of the lumbar spine; major depression disorder (mild); anxiety disorder (not otherwise specified); and a cognitive disorder. Tr. 14.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 14.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined he could perform a range of medium work with the following limitations:

> lifting and carrying capacity of 50 pounds occasionally and 25 pounds frequently; sit, stand, or walk up to six hours a day each in an eight-hour workday; and occasionally climb ladders, ropes, and scaffolds. Mentally, he can perform simple, repetitive, and up to three-step tasks, with only ordinary production requirements. He cannot perform jobs that require more than 6th grade level reading and math skills or jobs that require independent decision-making. He can occasionally have contact with the general public and occasional non-collaborative contact with co-workers.

Tr. 16. The ALJ identified Plaintiff's past relevant work as recreational aide and found that he could perform this past relevant work. Tr. 23. Therefore, the ALJ concluded Plaintiff was not under a disability within the meaning of the Social

Security Act from February 28, 2010, through the date of the ALJ's decision. Tr. 24.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to properly address the opinions in the record and (2) failing to properly consider Plaintiff's symptom statements. Additionally, Plaintiff argues that the ALJ's errors are harmful and requests a remand for an immediate award of benefits.

## DISCUSSION[1]

**1. Opinion Evidence**

Plaintiff argues that the ALJ failed to properly consider and weigh the medical opinions expressed by Debra Brown, Ph.D., Kayleen Islam-Zwart, Ph.D., Margaret Moore, Ph.D., and Guillermo Rubio, M.D., and the lay witness opinions expressed by Plaintiff's mother and Plaintiff's uncle. ECF No. 14 at 13-18.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) nonexamining physicians who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ should give more weight to the

---

[1] In *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018), the Supreme Court recently held that ALJs of the Securities and Exchange Commission are "Officers of the United States" and thus subject to the Appointments Clause. To the extent Lucia applies to Social Security ALJs, the parties have forfeited the issue by failing to raise it in their briefing. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the Court will not consider matters on appeal that were not specifically addressed in an appellant's opening brief).

opinion of a treating physician than to the opinion of an examining physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). Likewise, the ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician. *Id.*

When an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons, and when an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" to reject the opinion. *Lester*, 81 F.3d at 830-31. The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer her conclusions, she "must set forth [her] interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

### A. Debra Brown, Ph.D.

On March 6, 2013, Dr. Brown examined Plaintiff and completed a Psychological/Psychiatric Evaluation of Plaintiff for the Washington Department of Social and Health Services (DSHS). Tr. 284-88. She diagnosed Plaintiff with cognitive disorder not otherwise specified, anxiety disorder not otherwise specified, depression not otherwise specified, and mild mental retardation. Tr. 286. She opined that Plaintiff had a severe limitation in ten out of thirteen basic work activities. Tr. 586-87. Additionally, of the three remaining basic work activities, she opined that Plaintiff had a marked limitation in two and a moderate limitation in one. *Id.* She opined that Plaintiff's current level of impairment would persist with available treatment for twelve months. Tr. 287.

The ALJ gave Dr. Brown's opinion little weight for two reasons: (1) Dr. Brown's assessment was inconsistent with her overall examination findings and (2)

that Plaintiff was able to communicate without difficulty, follow through with obtaining service, and work on a computer. Tr. 22-23.

Dr. Brown is an examining psychologist whose opinion is contradicted by the medical expert who testified at the hearing, Dr. Moore, and the reviewing psychologists who reviewed the case at the initial application and reconsideration. Tr. 40-51, 87-89, 113-15. Therefore, the ALJ was only required to provide specific and legitimate reasons for rejecting any portion of her opinion. *Lester*, 81 F.3d at 830-31.

The ALJ's first reason for rejecting Dr. Brown's opinion, that it is inconsistent with her examination findings, is not specific and legitimate. In forming her determination, the ALJ pointed to Dr. Moore's opinion that Dr. Brown's assessed limitations were inconsistent with the scores on Plaintiff's testing. *See* Tr. 40-44. An ALJ may rely upon internal inconsistencies between the psychologist's examination notes and her opinion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). However, "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Lester*, 81 F.3d at 831 *citing Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990). Here, because the ALJ failed to specifically address what portion of the testing was inconsistent with the opinion and instead only referenced Dr. Moore's testimony, this is simply the opinion of a nonexamining provider against the opinion of an examining provider. Therefore, because the ALJ's second reason for rejecting Dr. Brown's opinion does not meet the specific and legitimate standard, *see infra*, this reason alone cannot support her determination.

The ALJ's second reason for rejecting Dr. Brown's opinion, that it is inconsistent with Plaintiff's activities, is not specific and legitimate. The Ninth Circuit has found that a claimant's testimony about his daily activities may be seen as inconsistent with the presence of a disabling condition. *See Curry v. Sullivan*,

925 F.2d 1127, 1130 (9th Cir.1990). The ALJ specifically found Dr. Brown's opinion to be inconsistent with Plaintiff's ability to communicate without difficulty, follow through with obtaining services, and work on a computer including social media. Tr. 22-23. However, the ALJ failed to address exactly how these activities were inconsistent with any portion of Dr. Brown's opinion. Tr. 22-23. The ALJ is required to do more than offer her conclusions, she "must set forth [her] interpretations and explain why they, rather than the doctors', are correct." *Embrey*, 849 F.2d at 421-22. Without a more specific explanation supporting this reason, the ALJ failed to meet the specific and legitimate standard. Therefore, the case is remanded for the ALJ to properly address Dr. Brown's opinion.

### B. Kayleen Islam-Zwart, Ph.D.

On January 6, 2015, Dr. Islam-Zwart examined Plaintiff and completed a Psychological/Psychiatric Evaluation of Plaintiff for DSHS. Tr. 350-57. She diagnosed Plaintiff with dysthymic disorder, anxiety disorder not otherwise specified, and mild mental retardation. Tr. 351, 357. She opined that Plaintiff had a marked limitation in the abilities to (1) understand, remember, and persist in tasks by following detailed instructions, (2) perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision, (3) learn new tasks, (4) adapt to changes in a routine work setting, (5) communicate and perform effectively in a work setting, (6) complete a normal work day and work week without interruptions from psychologically based symptoms, and (7) maintain appropriate behavior in a work setting. Tr. 352. She opined Plaintiff had a moderate limitation in six additional areas of functioning. *Id*. She opined that Plaintiff's current limitations would persist with available treatment indefinitely. *Id*. On an attached record of the evaluation performed by Dr. Islam-Zwart, she stated the following:

> [Plaintiff's] presentation is such that [he] would likely have difficulty working in a regular and consistent manner without accommodation. His anxiety will further interfere with cognitive performance. [Plaintiff] denies use of medication and it is not clear that he has a need. He describes involvement in therapy and should continue as directed. A medical evaluation is necessary to determine the nature of any physical concerns. Given the extent of his problems, referral for SSI seems warranted. He denies the need for a protective payee, but this is questionable, especially if large sums are concerned.

Tr. 357.

The ALJ assigned some weight to the opinion, stating "she acknowledges that the claimant would require some accommodation in the workplace and not that the claimant was unable to work. This is further supported by the fact that the claimant had been able to work in the past with no changes or worsening of his impairments." Tr. 23.

Dr. Islam-Zwart is an examining psychologist whose opinion is contradicted by the medical expert who testified at the hearing, Dr. Moore, and the reviewing psychologists who reviewed the case at the initial application and reconsideration. Tr. 40-51, 87-89, 113-15. Therefore, the ALJ was only required to provide specific and legitimate reasons for rejecting any portion of her opinion. *Lester*, 81 F.3d at 830-31.

The ALJ's summary of Dr. Islam-Zwart's opinion, that "the claimant would require some accommodation in the workplace and not that the claimant was unable to work," misrepresents the opinion. Dr. Islam-Zwart opined that Plaintiff had a moderate or marked limitation in all areas of basic work activities addressed on the form. Tr. 352. A moderate limitation "means there are significant limits on the ability to perform one or more basic work activity," and a marked limitation "means a very significant limitation on the ability to perform one or more basic work activity." Tr. 351-52. She found that even with available treatment, this level of impairment would persist indefinitely. Tr. 352. In her narrative summary,

she stated that Plaintiff would have difficulty working in a regular and consistent manner without accommodation and that an SSI referral seemed warranted. Tr. 357. Essentially, the ALJ took one sentence from the narrative report out of context and deemed it to be Dr. Islam-Zwart's opinion. This was an error because the ALJ provided no explanation as to why Dr. Islam-Zwart's functional limitations discussed elsewhere in the opinion were not in the residual functional capacity determination. Social Security Ruling (S.S.R.) 96-8p states that the residual functional capacity assessment "must always consider and address medical source opinions. If the [residual functional capacity] assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."

Furthermore, Social Security has specifically found that accommodations and limitations are different and accommodations must be treated in accord with S.S.R. 11-2p. Specifically, work "requires a person to be able to do the tasks of a job independently, appropriately, effectively, and on a sustained basis." S.S.R. 11-2p. "Accommodations are practices and procedures that allow a person to complete the same activity or task as other people. Accommodations can include a change in setting, timing, or scheduling, or an assistive or adaptive device." *Id*. At step four, accommodations are treated as follows:

> When we determine whether a person can perform his or her past relevant work, we do not consider potential accommodations unless his or her employer actually made the accommodation. This means that we cannot find that a young adult can do past relevant work with accommodations unless the young adult actually performed that work with those same accommodations and is still able to do so now.

*Id*. Additionally, at step five, accommodations are not considered at all:

> When we determine whether a person can do other work that exists in significant numbers in the national economy, we do not consider whether he or she could do so with accommodations, even if an

> employer would be required to provide reasonable accommodations under the Americans with Disabilities Act of 1990.

*Id*. Therefore, Dr. Islam-Zwart's functional opinion, that Plaintiff required accommodations to consistently perform work, was not properly addressed by the ALJ, as she provided no such discussion of accommodations in her decision. Therefore, upon remand the ALJ will consider Dr. Islam-Zwart's opinion in its entirety.

Defendant argues that when the ALJ relies on an opinion rather than rejecting it, the ALJ's interpretation of the opinion deserves deference. ECF No. 15 at 8 (citing *Shaibi v. Berryhill*, 870 F.3d 874, 880 (9th Cir. 2017)). The Ninth Circuit, in the amended version of the opinion Defendant relies upon, found that the ALJ's interpretation of the terms "moderate" and "substantial" controlled because the evidence was susceptible to more than one rational interpretation. *Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2017). Here, when Dr. Islam-Zwart's opinion is read in its entirety, the ALJ's interpretation was not rational. Instead it singled out one sentence to the exclusion of a function by function analysis of Plaintiff's abilities. Furthermore, the ALJ misrepresented that sentence, which spoke of accommodations and not limitations. As such, Defendant's argument lacks merit.

**C.    Margaret Moore, Ph.D.**

Dr. Moore testified at the hearing that Plaintiff's diagnosis of mild mental retardation was a disservice. Tr. 43. Instead, she opined that the appropriate diagnosis was borderline intellectual functioning. Tr. 44. She found that Plaintiff did not meet or equal a listing. Tr. 46-47. As for residual functional capacity, she stated "I think he has cognitive limits such that he would need to be working in simple, straightforward kinds of activities that don't require a lot of judgment and independent action." Tr. 46. The ALJ gave this opinion "significant weight" because she had the "entire record" and was familiar with the Social Security

evaluation process. Tr. 22. However, because the ALJ failed to properly consider the opinions of Plaintiff's examining psychologists, *see supra*, the ALJ will readdress Dr. Moore's opinion on remand.

### D. Guillermo Rubio, M.D.

At reconsideration, Dr. Rubio reviewed Plaintiff's medical evidence and opined that he was limited to occasionally lifting and/or carrying fifty pounds, frequently lifting and/or carrying twenty-five pounds, standing and/or walking for about six hours in an eight hour workday, sitting for about six hours in an eight hour workday, and pushing and/or pulling unlimited other than the lifting/carrying limitations. Tr. 112. He further limited Plaintiff's postural to frequently climbing ramps/stairs and stooping and occasionally climbing ladders/ropes/scaffolds. Tr. 112-13. As for Plaintiff's environmental limitations, he opined that he should avoid concentrated exposure to hazards and pulmonary irritants. Tr. 113.

The ALJ gave the opinion some weight and rejected his limitations resulting from Plaintiff's reported headaches because she found the headache complaints unsupported. Tr. 22. Upon remand, the ALJ will readdress Plaintiff's subjective statements, *see infra*, and Dr. Rubio's opinion will have to be readdressed as well.

### E. Lay Witnesses

Plaintiff challenges the ALJ's treatment of evidence presented by his mother and his uncle. ECF No. 14 at 18.

Lay witness testimony is "competent evidence" as to "how an impairment affects [a claimant's] ability to work." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006); *see also Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993) ("[F]riends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to her condition."). An ALJ must give "germane" reasons to discount evidence from these "other sources." *Dodrill*, 12 F.3d at 919.

Upon remand, the ALJ will readdress the evidence presented by Plaintiff's

mother and uncle.

## 2. Plaintiff's Symptom Statements

Plaintiff contests the ALJ's determination that Plaintiff's symptom statements were unreliable. ECF No. 14 at 11-13.

It is generally the province of the ALJ to determinations regarding the reliability of Plaintiff's symptom statements, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms to be not entirely credible. Tr. 17. The ALJ provided three reasons for her determination: (1) Plaintiff's symptom statements were not supported by the evidence of record; (2) Plaintiff's reported activities were inconsistent with his reported symptoms; and (3) Plaintiff provided different reasons for leaving his prior employment. Tr. 17-21.

The evaluation of a claimant's symptom statements and their resulting limitations relies, in part, on the assessment of the medical evidence. *See* 20 C.F.R. §§ 404.1529(c), 416.929(c); S.S.R. 16-3p. Therefore, in light of the case being remanded for the ALJ to address the medical source opinions in the file, a new assessment of Plaintiff's subjective symptom statements is necessary.

## REMEDY

Plaintiff argues that the ALJ's errors are harmful and the appropriate remedy is to remand for an immediate award of benefits. ECF No. 14 at 19-20.

The decision whether to remand for further proceedings or reverse and

award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. Further proceedings are necessary for the ALJ to properly address the medical opinions in the record, to properly address the lay witness testimony, and to properly consider Plaintiff's symptom statements. Additionally, the ALJ will supplement the record with any outstanding evidence and call a vocational expert to testify at a remand hearing.

## CONCLUSION

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED, in part,** and the matter is **REMANDED** to the Commissioner for

ORDER GRANTING PLAINTIFF'S MOTION - 14

additional proceedings consistent with this Order.

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

DATED February 27, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION - 15